**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2917
_____

HARISADHAN PATRA; PETULA VAZ,
                                        Appellants

v.

PENNSYLVANIA STATE SYSTEM OF HIGHER EDUCATION; BLOOMSBURG
UNIVERSITY; FRANK T. BROGAN, individually and in his official capacity as
Chancellor; DAVID SOLTZ, individually and in his official capacity as President of
Bloomsburg; RICHARD ANGELO; JORGE E. GONZALEZ; IRA BLAKE;
ROBERT P. MARANDE; THOMAS R. ZALEWSKI

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:14-cv-02265)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 23, 2026

Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: April 29, 2026)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Harisadhan Patra and Petula Vaz ("Appellants") appeal pro se from the District Court's decision denying their motion filed pursuant to Federal Rule of Civil Procedure 60 in this employment-related civil-rights case. We will affirm that judgment.

I.

Appellants, who are married, were hired as professors by Bloomsburg University ("Bloomsburg") in 2010. In 2014, Appellants were notified that their contracts at Bloomsburg would not be renewed. Later that year, Appellants sued Appellees (Bloomsburg, the Pennsylvania State System of Higher Education, and several individuals), alleging, inter alia, discrimination and retaliation. Appellees later moved for summary judgment. In opposing that motion, Appellants argued, inter alia, that Appellees had committed fraud on the court by falsifying and withholding evidence, and that Appellees' lawyers had "failed to comply with their Duty of Candor/Professional Obligations." Dist. Ct. Dkt. No. 103, at 41-42 n.49.

In 2020, the District Court granted Appellees' motion for summary judgment. On appeal from that judgment, Appellants argued, inter alia, that "Movants/Defense knowingly pursued an unjustified [motion for summary judgment] and committed Fraud-on-the-Court by inviting the [District] Court to commit judicial errors and impairing the [District] Court's ability to impartially adjudicate the case." Appellants' Opening Br. 74 in C.A. No. 20-2320. In 2023, we affirmed the District Court's judgment, explaining that each of Appellants' causes of action lacked merit. *See Patra v. Pa. State Sys. of Higher*

2

*Educ.*, No. 20-2320, 2023 WL 4618292, at *3-6 (3d Cir. July 19, 2023) (per curiam) [hereinafter *Patra I*]. Appellants then filed in our Court a petition for rehearing and rehearing en banc, as well as a request for permission to file a "fraud-on-the-court" motion. We denied both of those. Appellants then moved to stay the issuance of our mandate, arguing, inter alia, that Appellees had made "falsifications and fabricated evidence," and that Appellees' attorneys knowingly used that evidence "to file and win summary judgment, committing fraud-on-the-Court." Dkt. No. 47, at 5-6, in C.A. No. 20-2320 (emphasis omitted). We denied that motion, and then our mandate issued.

Next, Appellants petitioned our Court for a writ of mandamus, reiterating their fraud-on-the-court allegations. We denied that petition. *See In re Patra*, No. 24-1168, 2024 WL 1070260, at *1 (3d Cir. Mar. 12, 2024) (per curiam). Appellants then petitioned the United States Supreme Court for a writ of certiorari in connection with *Patra I*, arguing, inter alia, that Appellees had committed perjury in this case, and that Appellees' attorneys had knowingly used that evidence in the District Court and our Court. The Supreme Court denied Appellants' certiorari petition in June 2024.

Undeterred, in June 2025 — a little over five years after the District Court's summary-judgment decision — Appellants moved the District Court to vacate that judgment pursuant to Federal Rule of Civil Procedure 60. Attached to that motion were affidavits from Appellants totaling more than 400 pages, over a thousand pages of other exhibits, and a request for the District Court to take judicial notice of the affidavits and "all records (including all pleadings and papers on file in this action, the information

3

presented to the Court on this matter, and all other matters upon which the Court may rely)." Dist. Ct. Dkt. No. 117-10, at 1. Appellants' Rule 60 motion specifically pointed to subsections (b)(1), (b)(2), (b)(3), and (b)(6), and their brief in support of that motion alleged that Appellees' attorneys, acting "in concert with [Appellees], engage[d] in misrepresentations, misconduct, fraud, and [fraud on the court] to unfairly obtain judgments." Dist. Ct. Dkt. No. 119, at 9.

Appellees opposed Appellants' Rule 60 motion, arguing that Appellants' requests for relief under subsections (b)(1), (b)(2), and (b)(3) were untimely, and that Appellants "fail[ed] to present a reason that justifies relief that is separate from the reasons presented as part of their arguments related to Rule 60(b)(1)-(3)." Dist. Ct. Dkt. No. 120, at 3. Appellants then filed the following: (1) a reply in support of their Rule 60 motion, clarifying that they were also seeking relief under subsections (b)(4), (d)(1), and (d)(3), and (2) a motion asking the District Court to take judicial notice of facts "drawn from the official record of this case, including . . . evidence previously submitted in support of [Appellants'] Rule 60(b)-(d) motion." Dist. Ct. Dkt. No. 124, at 1 (emphasis omitted).

Thereafter, on September 2, 2025, the District Court denied Appellants' Rule 60 motion and their motion for judicial notice. In doing so, the District Court explained that Appellants' Rule 60 motion, "which borders on nonsensical[,] fails to sustain the heavy burden required to prove fraud on the court, and the Court finds no evidence in the record to support the allegations of fraud. Nor is this Court able to discern from the record 'any other reason that justifies relief.'" Dist. Ct. Dkt. No. 126, at 2 (quoting Fed. R. Civ. P.

4

60(b)(6)). Appellants then filed this timely appeal, challenging the District Court's September 2, 2025 decision.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Generally, we review a district court's denial of a motion filed pursuant to Rule 60(b) and/or Rule 60(d) for abuse of discretion, *see Jackson v. Danberg*, 656 F.3d 157, 162 (3d Cir. 2011); however, "we review legal determinations de novo and factual determinations for clear error," *Herrera v. Agents of Pa. Bd. of Prob. & Parole*, 132 F.4th 248, 254 n.5 (3d Cir. 2025), and we exercise plenary review over a district court's denial of relief under Rule 60(b)(4), *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 n.5 (3d Cir. 2008). We also review for abuse of discretion a district court's decision whether to take judicial notice. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1323 (3d Cir. 2002). We may affirm a district court's judgment on any basis supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We see no reason to disturb the District Court's September 2, 2025 judgment. For one thing, the District Court did not abuse its discretion by denying Appellants' motion for judicial notice, as Appellants failed to establish a basis for taking judicial notice of their hundreds of pages of affidavits and/or the mountain of other documents upon which their Rule 60 motion purported to rely. *See generally Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) ("A court may take judicial notice of an adjudicative fact *if that fact is not subject to reasonable dispute*." (emphasis added)). Furthermore, assuming for the

sake of argument that Appellants have preserved challenges under all the Rule 60 subsections referenced earlier in this opinion, we conclude that, for the reasons that follow, Appellants have failed to show that they are entitled to relief under any of those subsections.

We begin with Appellants' requests for relief under certain parts of Rule 60(b). Relief under subsections (b)(1), (b)(2), and (b)(3) must be sought within one year of the order or judgment from which the movants seek relief, *see* Fed. R. Civ. P. 60(c)(1), but Appellants did not file their Rule 60 motion until more than *five* years after the District Court's judgment in question. As for Rule 60 motions brought under subsections (b)(4) and/or (b)(6), they must be filed within a "reasonable time." *See* Fed. R. Civ. P. 60(c)(1); *Coney Island Auto Parts Unlimited, Inc. v. Burton*, 146 S. Ct. 579, 582 (2026) (addressing motion filed under subsection (b)(4)); *Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 913 n.7 (3d Cir. 1977) (addressing motion filed under subsection (b)(6)). "What constitutes a 'reasonable time' . . . is to be decided under the circumstances of each case." *Taylor v. Comm'r of Pa. Dep't of Corr.*, 150 F.4th 188, 193 (3d Cir. 2025) (ellipsis in original) (quoting *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959)). Under the circumstances of this case, we cannot conclude that it was reasonable for Appellants to wait five years to file their Rule 60 motion, especially since their allegations of fraud and other misconduct appeared to echo allegations that they had previously presented on numerous occasions (including before the District Court entered the 2020 judgment that is the subject of their motion). *Cf. Moolenaar v. Gov't of V.I.*,

822 F.2d 1342, 1348 (3d Cir. 1987) (concluding that a Rule 60(b)(6) motion filed less than two years after the district court's initial judgment was not filed within a reasonable time). Accordingly, Appellants' requests for relief under subsections (b)(1), (b)(2), (b)(3), (b)(4), and (b)(6) were all untimely.

We now turn to Appellants' requests for relief under subsections (d)(1) and (d)(3) of Rule 60. Those subsections provide that Rule 60 does not limit a court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding," Fed. R. Civ. P. 60(d)(1), or "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3). Here, Appellants' Rule 60 motion sought relief from the District Court's 2020 judgment based on allegations that Appellees and their attorneys had committed fraud on the court and other misconduct. But such relief is warranted only if it is "supported by clear, unequivocal and convincing evidence." *In re Bressman*, 874 F.3d 142, 150 (3d Cir. 2017) (quoting *Herring v. United States*, 424 F.3d 384, 387 (3d Cir. 2005)). Appellants have not met that exacting standard.

In view of the above, we will affirm the District Court's September 2, 2025 judgment.[1]

---

[1] Appellants' motion to expedite the resolution of this appeal is denied, as is the motion for judicial notice that they filed in our Court. To the extent that Appellants seek any other relief from us, that relief is denied, too.